ACCEPTED
15-24-00010-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/15/2025 5:07 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00010-CV

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/15/2025 5:07:38 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE FIFTEENTH COURT OF APPEALS OF TEXAS

Texas Department of Public Safety and Christina Mitchell, in her Official Capacity as 38th Judicial District Attorney

Appellants

v.

Texas Tribune; ABC News; CBS News; Cable News Network, Inc.; Dow Jones & Co.; Gannett Co., Inc.; Graham Media Group, Houston; Graham Media Group, San Antonio; NBC News; The New York Times Co.; Pro Publica, Inc.; Scripps Media, Inc.; Tegna, Inc.; and The Washington Post

Appellees

Appeal from the 53rd District Court, Travis County, Texas

# Uvalde Consolidated Independent School District's Amicus Brief Supporting Appellees

Philip Fraissinet
**THOMPSON & HORTON LLP**
3200 Southwest Freeway
Suite 2000
Houston, Texas 77006

David J. Campbell
Amber King
**THOMPSON & HORTON LLP**
8300 N. MoPac Expressway
Suite 220
Austin, Texas 78759

*Counsel for Amicus Curiae*
*Uvalde CISD*

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES ................................................................. 3

INTEREST OF AMICUS CURIAE ..................................................... 4

STATEMENT OF FACTS ................................................................... 5

ARGUMENT ...................................................................................... 6

    I.    DPS has presented no argument regarding its continued withholding of the school district's video surveillance footage under the law-enforcement exception. .............................................................................. 7

    II.   The law-enforcement exception does not justify DPS's continued withholding of the school district's video footage. ........................................................... 8

    III.  There is no longer *any* legitimate reason for DPS to continue withholding the school district's surveillance videos. ............................................................ 10

CONCLUSION & PRAYER .............................................................. 11

CERTIFICATE OF COMPLIANCE ................................................. 13

CERTIFICATE OF SERVICE .......................................................... 13

APPENDIX ....................................................................................... 14

# INDEX OF AUTHORITIES

Page

**Statutes**

20 U.S.C. 1232g .................................................................................5

Tex. Educ. Code § 11.051 ...............................................................4

Tex. Educ. Code § 4.001(a) ............................................................4

Tex. Gov't Code § 552.001(a) .................................................... 7, 10

Tex. Gov't Code § 552.108(a)(1).....................................................9

Tex. Gov't Code § 552.108(a)(2)...................................................10

Tex. Gov't Code § 552.108(b)(1).....................................................8

Tex. Gov't Code § 552.108(b)(2)...................................................10


**Rules**

Tex. R. App. P. 11(c) .......................................................................4

# INTEREST OF AMICUS CURIAE

The Uvalde Consolidated Independent School District is committed to ensuring that all Texas children in the 1,093 square miles in and around Uvalde, Texas have access to a quality education that enables them to achieve their potential and fully participate now and in the future in the social, economic, and educational opportunities of our state and nation. *See* Tex. Educ. Code § 4.001(a). Uvalde CISD is governed by its elected school board members. Tex. Educ. Code § 11.051. As the locally-elected representatives of the Uvalde CISD community, the Board believes transparency and accountability are vitally important to help the community attempt to heal and move forward from the tragic shooting that occurred on May 24, 2022. Amicus is paying all fees for the preparation of this brief. *See* Tex. R. App. P. 11(c).

After the shooting at Robb Elementary School, Uvalde CISD provided video surveillance footage to state law enforcement officials. DPS has refused to release that video footage to the public and recently refused to provide a copy of the footage to Uvalde CISD. Uvalde CISD files this amicus brief because the school district believes the video footage should be released to the public.

4

TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT:

Uvalde CISD adamantly believes that all information that can be made public regarding the tragic shooting at Robb Elementary School should be shared with the victims' families, the Uvalde community, and the entire State of Texas. In particular, Uvalde CISD believes strongly that the school district's video footage, which was provided to state law enforcement authorities in good faith, should be released to the public pursuant to the trial court's order.[1]

## STATEMENT OF FACTS

Shortly after the shooting, state law enforcement authorities requested that Uvalde CISD turn over all video surveillance footage from Robb Elementary School from the day of the shooting. In good faith, Uvalde CISD did so without keeping any copies of the footage. Apparently, Uvalde CISD's video footage ended up in the possession of the Texas Department of Public Safety ("DPS").

---

[1] To the extent that any minors' faces are captured in the school district's surveillance videos, the trial court appropriately ordered that their faces should be blurred, which is required based on common law privacy rights and the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. 1232g.

Over three years later, the video footage should be released to the public. In July of 2022, the Texas House Investigative Committee released the most relevant portions of the surveillance footage, showing the shooter entering the school and showing officers prepared to confront the shooter. CR.1834. Additionally, both the City of Uvalde and Uvalde County have released hours of body-camera footage.

On August 15, 2025, Uvalde CISD requested that DPS provide the school district with a copy of video footage it had previously provided to state law enforcement authorities. Appx. 1. However, DPS has refused to provide copies of Uvalde CISD's video footage to the school district citing its reliance "upon the arguments presented in appeal 15-24-000010-CV concerning these materials." *Id.*

## ARGUMENT

In this appeal, DPS has provided the Court with many arguments, but it has provided no argument that justifies DPS's continued withholding of the school district's video footage from Robb Elementary School on the day of the shooting. The Texas Public Information Act exists to ensure that the public receives "complete information about the affairs of government" and expressly prohibits government officials from deciding

6

what is good for the people to know and what is not good for them to know. Tex. Gov't Code § 552.001(a). Consistent with that important statutory mandate — and in the interest of transparency to the public — Uvalde CISD urges the Court to (at a minimum) affirm the trial court's order requiring that DPS release the video footage from Robb Elementary that the school district provided, in good faith, to state law enforcement officials.[2]

## I. DPS has presented no argument regarding its continued withholding of the school district's video surveillance footage under the law-enforcement exception.

It is notable that in this appeal, DPS has not presented the court with any argument about the video footage. Other than mentioning twice that the "footage taken by cameras in the school" was requested (Appellants' Br. at 2, 8), DPS never mentions the video surveillance footage in its brief. DPS explains that it generically asserted to the Attorney General's Open Records Division that "releasing those records would interfere with ongoing investigations, reveal law-enforcement techniques, or risk future criminal prosecutions." Appellants' Br. at 10. But DPS never explains

---

[2] Uvalde CISD takes no position in this amicus brief about the other requests for information that gave rise to this appeal.

7

how any of those concerns could apply specifically to Uvalde CISD's video footage.

## II. The law-enforcement exception does not justify DPS's continued withholding of the school district's video footage.

Although DPS never discusses Uvalde CISD's video footage in its brief, DPS generally argues that the video surveillance footage—and the rest of the information in the 2 terabytes of data that is responsive to the requests—can be withheld because of the law-enforcement exception to the Public Information Act. *See* Appellants' Br. at 20–25. But none of the provisions of the law-enforcement exception apply to Uvalde CISD's video footage.

DPS initially relies on Section 552.108(b)(1), which protects "[a]n internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use in matters relating to law enforcement or prosecution." Appellants' Br. at 21 (quoting Tex. Gov't Code § 552.108(b)(1)). This exception clearly does not apply to the school district's video footage. There is no plausible argument that the *school district's* video footage could be considered an "internal record or notation of a law enforcement agency." *See* Tex. Gov't Code § 552.108(b)(1). Although DPS lists a number of responsive documents that might fall

8

under this exception, DPS does not contend Uvalde CISD's video footage could be crammed into this exception. *See* Appellants' Br. at 22.

DPS next relies on Section 552.108(a)(1), which exempts records from release if the release would "interfere with the detection, investigation, or prosecution of crime." Appellants' Br. at 23 (citing Tex. Gov't Code § 552.108(a)(1)). DPS does not argue that the school district's video footage would interfere with any current investigations or prosecutions. DPS's brief includes a redacted paragraph listing various records, which DPS claims could "provide clues to the direction and focus of several law-enforcement agencies' investigations." Appellants' Br. at 24. Although it is unclear what is included in that redacted list, DPS can no longer plausibly contend at this time that the video footage from the elementary school provides any clues as to the direction and focus of any investigations or prosecutions, particularly in light of the fact that the most relevant video footage from the elementary school was already released by the Texas House Investigative Committee over three years ago. *See* CR.1834. There is no reason to believe any remaining video footage that is not already publicly available will interfere with or disclose the direction of any law enforcement agency investigations.

Finally, DPS relies on the "dead suspect loophole," which DPS explains is meant to protect "the rights of those whom an investigation ultimately exonerates." Appellants' Br. at 25 (citing Tex. Gov't Code § 552.108(a)(2), (b)(2)). Again, DPS does not argue that this exception would allow it to continue to withhold the school district's video footage. *See id.* Nothing in the school district's surveillance videos could possibly infringe on the rights of any individuals who have been exonerated by the investigations into the shooting.

### III. There is no longer *any* legitimate reason for DPS to continue withholding the school district's surveillance videos.

Over three years have passed since the shooting occurred at Robb Elementary School. But the Uvalde community continues to have questions. The school district's surveillance videos may or may not answer any of those questions, but regardless, it is the public's right to see the videos. Under the Texas Public Information Act, it is not for DPS to decide what is good for the people of Uvalde to know and what is not good for the people of Uvalde to know. *See* Tex. Gov't Code § 552.001(a).

## CONCLUSION & PRAYER

Uvalde CISD is aware that its surveillance videos are a small part of this appeal given DPS's public statements that it is withholding 2 terabytes of information from the requestors in this case. However, it is important to Uvalde CISD that its surveillance videos are released to the public, and DPS has not provided the school district or the Court with any compelling reason the school district's surveillance videos should continue to be withheld.

Accordingly, regardless of how the Court resolves the rest of this appeal, Uvalde CISD respectfully requests the Court affirm the trial court's order requiring DPS to release the school district's surveillance videos with all minor's faces blurred to protect their identities.

Respectfully submitted,

**THOMPSON & HORTON LLP**

*/s/ David J. Campbell*
David J. Campbell
State Bar No. 24057033
dcampbell@thompsonhorton.com
Amber King
State Bar No. 24047244
aking@thompsonhorton.com
8300 N. MoPac Expressway, Suite 220
Austin, Texas 78759
Telephone: (512) 615-2350
Facsimile: (713) 583-8884

Philip Fraissinet
State Bar No. 00793749
pfraissinet@thompsonhorton.com
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6767
Facsimile: (713) 583-8884

**Counsel for Amicus Curiae Uvalde Consolidated Independent School District**

# CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that based on the word count of the computer program used to prepare the foregoing document, the relevant sections of this document contain 1,486 words.

*/s/ David J. Campbell*
David J. Campbell

# CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Appellate Procedure 9.5(e), an automated certificate of service will be generated when this document is e-filed.

*/s/ David J. Campbell*
David J. Campbell

# APPENDIX

1.     Correspondence with DPS regarding Uvalde CISD's request that a copy of its surveillance videos be returned.

| From: | Briana Webb |
|---|---|
| To: | Katie Payne |
| Cc: | Veronica Pena; Jessica Flores; Jacob Beach; Deborah Woltersdorf |
| Subject: | Re: Texas Tribune case |
| Date: | Wednesday, August 20, 2025 10:03:27 PM |
| Attachments: | image003.png |
| | image004.png |

Hi Katie,

DPS is not a party to the PIA suit which includes your client.  The DPS PIA suit, No. 15-24-00010-CV, is fully briefed and awaiting an opinion in the 15th COA.  All evidence collected by the Texas Rangers, including the materials you referenced, are included in the criminal investigation which resulted in two open indictments.  The prosecution of these indictments is pending.  DPS relies upon the arguments presented in appeal 15-24-00010-CV concerning these materials.


**Briana M. Webb**
Acting Division Chief
Law Enforcement Defense Division
P.O. Box 12548
Austin, Texas 78711-2548
T: (512) 463-4151


CONFIDENTIALITY NOTE:  This e-mail message, including any attachment(s), contains information that may be confidential, protected by the attorney-client or other legal privileges, and/or proprietary non-public information. If you are not an intended recipient of this message please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message and/or any of its attachments (if any) by unintended recipients is not authorized and may be unlawful.

---

**From:** Katie Payne <kpayne@wabsa.com>
**Sent:** Friday, August 15, 2025 4:09 PM
**To:** Briana Webb <Briana.Webb@oag.texas.gov>
**Cc:** Veronica Pena <cpena@wabsa.com>; Jessica Flores <jflores@wabsa.com>
**Subject:** RE: Texas Tribune case

Briana,
I have been asked by my client, Uvalde CISD, to request that a copy of any and all video from the May 24, 2022, Robb ES incident which was collected from the school district by DPS and/or the Texas Rangers be returned to the school district, immediately. This request for a return of a copy of the UCISD's records includes, but is not limited to, all video taken by the UCISD's hallway video cameras. I look forward to your response. Thank you for your attention to this matter.

Thanks,
Katie

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kate French on behalf of David Campbell
Bar No. 24057033
kfrench@thompsonhorton.com
Envelope ID: 106898824
Filing Code Description: Other Brief
Filing Description: Uvalde CISD's Amicus Brief Supporting Appellees
Status as of 10/16/2025 6:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Lori Mitchell | | Lori.Mitchell@haynesboone.com | 10/15/2025 5:07:38 PM | SENT |
| Laura Prather | 16234200 | laura.prather@haynesboone.com | 10/15/2025 5:07:38 PM | SENT |
| Maria Williamson | | maria.williamson@oag.texas.gov | 10/15/2025 5:07:38 PM | SENT |
| Deborah Williams | | deborah.williams@oag.texas.gov | 10/15/2025 5:07:38 PM | SENT |
| Reid Pillifant | | reid.pillifant@haynesboone.com | 10/15/2025 5:07:38 PM | SENT |
| carey wallick | | carey.wallick@haynesboone.com | 10/15/2025 5:07:38 PM | SENT |
| Hannah Keck | | hannah.keck@haynesboone.com | 10/15/2025 5:07:38 PM | SENT |
| David J.Campbell | | dcampbell@thompsonhorton.com | 10/15/2025 5:07:38 PM | SENT |
| Kate French | | kfrench@thompsonhorton.com | 10/15/2025 5:07:38 PM | SENT |
| Amber King | | aking@thompsonhorton.com | 10/15/2025 5:07:38 PM | SENT |
| Philip Fraissinet | | pfraissinet@thompsonhorton.com | 10/15/2025 5:07:38 PM | SENT |
| Dale Hicks | | dhicks-svc@tjhlaw.com | 10/15/2025 5:07:38 PM | SENT |

Associated Case Party: Office of the Texas Attorney General

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Lanora Pettit | | lanora.pettit@oag.texas.gov | 10/15/2025 5:07:38 PM | SENT |
| Christopher Lavorato | | chris.lavorato@oag.texas.gov | 10/15/2025 5:07:38 PM | SENT |
| Jacob Beach | | Jacob.Beach@oag.texas.gov | 10/15/2025 5:07:38 PM | SENT |
| Sara Baumgardner | | sara.baumgardner@oag.texas.gov | 10/15/2025 5:07:38 PM | ERROR |